UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL, | : | NO. 4:24-CV-01600 |
| Plaintiff, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| UPMC COLLECTIONS, | : | |
| Defendant. | : | |
| | : | |

**REPORT and RECOMMENDATION**

This matter comes before the Court upon Defendant UPMC's motion to dismiss (Doc. 11) *pro se* Plaintiff Jeffrey Hill's Complaint (Doc. 1). Finding deficiencies in the Complaint, the undersigned recommends that the Court should dismiss the complaint, but grant Hill leave to amend.

**I.   BACKGROUND**

   **A.   Factual Background[1]**

In 2020, Plaintiff Jeffrey Hill incurred medical bills following abdominal surgery at UPMC-Williamsport. Complaint, Doc. 1 ¶ 6. Those

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Complaint as true and draws all inferences from the facts alleged in the light most favorable to Hill. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

bills were paid by Medicare, which informed Hill that the "maximum" he "may be billed" is "$0.00." *Id.* ¶ 7.

UPMC,[2] however, continued to send Hill medical bills, contacting him in writing and by telephone. *Id.* ¶¶ 2, 4, 8. In response, Hill sent UPMC and several collection agencies cease-and-desist letters on multiple occasions. *See id.* ¶¶ 2–10. But UPMC and the collection agencies ignored Hill's letters, calling him 150 times. *Id.* ¶ 4; *id.* at 35 ("150 harassing collection phone calls").

B.   **Procedural History**

On September 20, 2024, Hill lodged the instant Complaint against UPMC and filed a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. The Court granted Hill's *in forma pauperis* motion. Doc. 4. The Complaint alleges claims under: (1) the Fair Debt Collections Practices Act ("FDCPA"); (2) the Fair Credit Reporting Act ("FCRA"); (3) the

---

[2] In moving to dismiss, the defendant argues that Hill has sued a non-existent entity, alternately stated as "UPMC Collections" and "UMPC Collections." Def.'s Br., Doc. 12 at 3–4. Reading the *pro se* complaint liberally, "UMPC" is clearly a typographical error, and if UPMC Collections erroneously refers to a department within UPMC as a separate entity, the proper remedy is a caption correction, not dismissal. Hill pled allegations against UPMC with enough specificity that UPMC received proper notice of the suit and was able to appear and file a motion to dismiss.

Racketeer Influenced and Corrupt Organizations Act ("RICO"); (4) the Pennsylvania RICO Act ("PRICO"); (5) the United States Constitution and the Pennsylvania Constitution; (6) common law harassment; (7) common law "reckless negligence;" and (8) 42 U.S.C. § 1983. Doc. 1 ¶ 4.

UPMC moved to dismiss the Complaint. Doc. 11. Hill opposed and UPMC replied. Docs. 18, 20. Before the Court could decide the fully briefed motion to dismiss, Hill moved for summary judgment. Doc. 30. In response, UPMC moved to stay all proceedings, pending the Court's decision on the motion to dismiss. Doc. 31. The Court granted UPMC's motion, ordering a stay of all proceedings until it decides on the motion to dismiss. Order, Apr. 11, 2025, Doc. 36 at 1–2.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

At its core, the Complaint alleges a violation of the FDCPA. Doc. 1 ¶ 4. Although Hill recites other claims in his Complaint, Hill provides those claims with no factual support.[3] But Hill's FDCPA claim merits

---

[3] Hill's *pro se* Complaint, even if construed liberally, fails to state a claim for his FCRA, RICO, PRICO, § 1983, constitutional claims, and negligence claim (Doc. 1 ¶ 4) because Hill states "labels and conclusions" with no facts in support. *Twombly*, 550 U.S. at 555. Further, Pennsylvania courts have repeatedly declined to recognize a cause of action in tort for "harassment." *Sobel v. Wingard*, 531 A.2d 520, 523 (Pa. Super. Ct. 1987); *DeAngelo v. Fortney*, 515 A.2d 594 (Pa. Super. Ct. 1986). Where state law recognizes a common law cause of action, a federal court may do likewise under 28 U.S.C. § 1367 supplemental jurisdiction, but " '[t]here is no federal general common law,' and therefore federal courts today cannot fashion new claims[.]" *Hernandez v. Mesa*, 589 U.S. 93, 100 (2020) (quoting *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); s*ee also Alexander v. Sandoval*, 532 U.S. 275, 287 (2001) ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.").

discussion. Because Hill has pleaded sufficient facts to support a plausible FDCPA claim if UPMC's actions qualify them as a debt collector under the Act, the undersigned explains the deficiencies in the Complaint and recommends that the Court grant Hill leave to file an amended complaint.

### A.   15 U.S.C. § 1692d—FDCPA's Harassment Provision

The FDCPA prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). In the Third Circuit, courts have found a plausible claim under § 1692d(5) when a collection agency has made continuous phone calls. *Forrest v. Genpact Servs., LLC*, 962 F. Supp. 2d 734, 737 (M.D. Pa. 2013) (225 calls); *Hoover v. Monarch Recovery Mgmt.,* 888 F. Supp. 2d 589, 598 (E.D. Pa. 2012) (110 calls); *see also Shand-Pistilli v. Pro. Account Servs., Inc.*, No. 10-1808, 2010 WL 2978029, at *1 (E.D. Pa. July 26, 2010) (finding a plausible FDCPA claim where a plaintiff alleged that collection agency made "continuous calls").

Here, Hill has alleged that UPMC made "150 harassing collection phone calls," (Doc. 1 at 35), which is sufficient to support a plausible claim

for relief under § 1692d(5). *See Forrest*, 962 F. Supp. 2d at 737; *Hoover*, 888 F. Supp. 2d at 598. If the facts in the complaint are proven true as pled—150 calls to collect what amounts to approximately $350 in medical debt—this is exactly the abusive sort of conduct the FDCPA was designed to hold debt collectors responsible for. Here, however, we find the rub. Hill's complaint fails as pled because it does not allege sufficient facts to establish that the calls were placed by a "debt collector."

> **B.     Hill has not pled sufficient facts to allege that UPMC is a "debt collector" under the FDCPA.**

The FDCPA excludes from the definition of debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). It further excludes, "any person . . . acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control." § 1692a(6)(B). In plain English, if a person or company is attempting to collect a debt owed to themselves, the FDCPA does not consider them a debt collector, and the bar on harassing phone calls does not apply to them.

Here, Hill alleges a FDCPA violation against "UPMC-Pittsburgh Collection Office," (Doc. 1 ¶¶ 1, 2, 3, 4), which appears to be part of

Page 7 of 12

UPMC, or at the least an affiliated entity. Hill alleges that he received medical care at a UPMC facility in Williamsport (*Id.* at ¶ 6), after which UPMC Collections Office attempted to collect certain amounts representing unpaid co-pays. Thus, Hill essentially seems to allege that UPMC was attempting to collect on a debt owed to UPMC, which would not bring the defendant entity under either § 1692a(6)(A) or (B). *See Hutt v. Albert Einstein Med. Ctr.*, No. 4-3440, 2005 WL 2396313, at *7 (E.D. Pa. Sept. 28, 2005) (finding, as a matter of law, that a defendant medical center is not a debt collector under § 1692a(6) when collecting its own debts).

While Hill also alleges that other collection agencies—unaffiliated with UPMC—made harassing phone calls, Doc. 4 ¶¶ 11, 14 ("Qualified Management Services," "Receivables Outstanding, LLC," "Transworld Systems, Inc."), Hill brings this action only against UPMC. And if UPMC is a creditor, and not a debt collector, with respect to the debts at issue here, then the mere engagement of a third-party entity to conduct collections likewise does not bring UPMC under the Act.

It remains unclear from Hill's complaint, however, whether UPMC was collecting debts owed to itself or to third party entities. As the

defendant acknowledges, the gravamen of Hill's complaint is that UPMC allegedly violated the FDCPA while attempting to collect "his copays of $50.58 and $198.32 for Susquehanna Physician Services; $32.46 for Community Medicine, and $77.58 for Williamsport & Susquehanna Imaging Services[.]" Def. Br., Doc. 12 at 1–2. What is lacking, even as the Court construes the *pro se* complaint liberally, is any allegation that those entities are separate third parties, unaffiliated[4] with UPMC. "Although we must construe pro se pleadings liberally, we cannot add facts that [Hill] does not supply." *Doe v. Law Sch. Admission Council, Inc.*, 791 F. A'ppx 316, 321 (3d Cir. 2019).

If those entities exist independently of UPMC, and if UPMC was attempting to collect debts owed to them, and not to itself, then UPMC would seemingly qualify as a debt collector under the Act with respect to these debts. Conversely, it may be that Susquehanna Physician Services, Community Medicine, and Williamsport & Susquehanna Imaging Services are, in fact, "related by common ownership or affiliated by

---

[4] Section 1692a(6)(B) excludes from the definition of "debt collector" any person collecting debts for another person related by "common ownership" or "corporate control." Taking this standard on its face, mere affiliation by an arms-length, contractual relationship or general business dealings would not suffice.

corporate control" with UPMC, and Hill cannot hope to prevail on his claim. But, at this stage, Hill may be able to marshal enough of a factual basis to support a good faith allegation that would survive a Rule 12(b)(6) motion.

## IV. LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when an *in forma pauperis* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In consideration of Hill's status as a *pro se* litigant, and because, for the reasons set forth above, an amendment may not be futile, the Court should allow another opportunity to correct deficiencies in his pleadings, and direct Hill to file an amended complaint. If Hill fails to file an amended complaint, or if such a filing still fails to present any viable claims, this case may be dismissed.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)  The Defendant's motion to dismiss (Doc. 11) be **GRANTED**.

(2) The stay ordered on April 11, 2025 (Doc. 36) be lifted.

(3) The Plaintiff's motion for summary judgment (Doc. 30) be **DENIED** as moot.

(4) The Plaintiff be directed to correct the deficiencies in the Complaint **on or before November 15, 2025**. If an amended complaint is not filed, the case should be dismissed.

(5) The Plaintiff should be placed on notice that any amended complaint must be complete in all respects; it must be a new pleading that complies with the requirements of the Federal Rules of Civil Procedure which stands by itself without reference to the complaint already filed. The amended complaint will completely replace the original complaint, therefore if the Plaintiff chooses to file an amended complaint, the original complaint will have no role in the future of this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: October 3, 2025                           s/ *Sean A. Camoni*
                                                Sean A. Camoni
                                                United States Magistrate Judge