## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY D. HILL,** | : | **No. 4:24cv1600** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Camoni)** |
| **UPMC COLLECTIONS,** | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation ("R&R") issued by

United States Magistrate Judge Sean A. Camoni regarding defendant's motion to

dismiss plaintiff's complaint. (Doc. 39).  Plaintiff Jeffrey D. Hill proceeds *pro se* in

this matter and his motion for leave to proceed *in forma pauperis* was previously

granted. (Doc. 4).

This action arises out of Hill's treatment at UPMC Williamsport Hospital.  In

order of his dates of treatment, Hill received care from a urologist in August 2020

on one occasion. (Doc. 1, Compl. ¶ 12). [1]  In a separate, unrelated matter, Hill

underwent emergency abdominal surgery at the hospital on December 27, 2020

for a perforated bowel.[2] Id. ¶ 6.  A certified registered nurse anesthetist ("CRNA")

---

[1] The scan of Hill's complaint in the ECF system mixes plaintiff's handwritten factual averments with pages of exhibits supporting those averments.. This allegation appears at ECF p. 18.

[2] This allegation appears at ECF p. 5.

employed by Susquehanna Physician Services aided the surgeon by rendering anesthesia to the plaintiff. Id.

Unfortunately, the surgery resulted in infection of the surgical site. Id. ¶ 9.[3] Plaintiff received additional hospital treatment in December 2020 and January 2021 related to the infection, including at least one other surgery, "massive antibiotic treatment for septic shock," and "a drug-induced coma for an unknown length of time." Id.  A different CRNA employed by Susquehanna Physician Services assisted a different surgeon regarding Hill's infection-related procedure. Id.  Related to the above treatment, Hill underwent three abdominal CT scans performed by radiologists employed by Susquehanna Imaging Associates. Id. ¶ 16.[4]  All told, Hill spent two months in the intensive care unit at UPMC Williamsport. Id. ¶ 15.

Hill receives Medicare benefits. Id. ¶ 1.[5]  He received information from the Centers for Medicare and Medicaid Services ("CMS") that bills related to the above care would be covered without additional out-of-pocket costs. Id. at ECF pp. 11, 23, 26, 33–34.  Nonetheless, Hill subsequently received medical bills from: 1) UPMC Health Services for the care provided by the urologist, id. at ECF

---

[3] This allegation appears at ECF p. 12.

[4] This allegation appears at ECF p. 28.

[5] This allegation appears at ECF p. 1.

p. 19; 2) <u>Susquehanna Physician Services</u> for the care provided by the CRNAs, <u>id.</u> at ECF pp. 8, 13; and 3) <u>Susquehanna Imaging Associates, Inc.</u> for the services of the radiologists, <u>id.</u> at ECF pp. 29–30.  Based on the correspondence from CMS, Hill disputes these bills.  He sent cease and desist letters when his providers sought payment, citing the Fair Debt Collection Practices Act ("FDCPA").  <u>Id.</u> at ECF pp. 6–7, 20.

The above providers ostensibly referred the bills to debt collection agencies.  That is, Hill has provided exhibits indicating that: 1) <u>Receivables Outsourcing, LLC</u> and <u>Transworld Systems, Inc.</u> attempted to collect on the urology bill, now identifying the creditor as <u>UPMC Community Medicine</u> or <u>Community Medicine</u>, <u>id.</u> at ECF pp. 21, 24, 27;  2) <u>iQuantified Management Services, Inc.</u> attempted to collect on the bills from the CRNAs at Susquehanna Physicians Services, <u>id.</u> at ECF pp. 10; and 3) <u>First Federal Credit Control, Inc.</u> attempted to collect on the bills from the radiologists, referring to that group as <u>Susquehanna Imaging</u>, <u>id.</u> at ECF p. 31.  Hill likewise sent these entities cease and desist letters citing the FDCPA. <u>Id.</u> at ECF pp. 15, 22, 25 ,32

Hill also alleges that he received "150 harassing phone calls" from UPMC's collections office in Pittsburgh, Pennsylvania. <u>Id.</u> at ECF p. 35.  Hill's handwritten call log asserts that two phone numbers associated with UPMC called him as many as four times per day between February 2022 and September 2024.

3

Based on the above facts, Hill filed this action in September 2024 asserting numerous claims under federal and state law, naming "UPMC Collections" as the sole defendant. In response to Hill's complaint, UPMC Collections filed a motion to dismiss, asserting that UPMC Collections is not an existing legal entity and that the allegations failed to plausibly allege a viable federal or state claim. (Doc. 11).

Hill filed a brief in opposition, including a handwritten flowchart exhibit supporting his allegations that the medical bills flowed from the original provider to UPMC Collections to the debt collection agency and then back to UPMC Collections. (Doc. 18 at ECF p. 9).

Hill subsequently filed a motion for summary judgment. (Doc. 30). UPMC Collections moved to stay the case pending the court's decision on the motion to dismiss. (Doc. 31). Magistrate Susan E. Schwab granted the motion to stay on April 11, 2025. (Doc. 36). Subsequently, this matter was reassigned to Magistrate Judge Camoni on August 6, 2025 and he issued the instant R&R. (Doc. 39).

In the R&R, Magistrate Judge Camoni construed Hill's allegations to plausibly support violations of the FDCPA, i.e., plaintiff's allegations that he received "150 harassing collection phone calls" related to the disputed medical

4

bills.[6] (Doc. 39 at 5-7).    The R&R, however, concludes that Hill failed to allege

that the defendant is a "debt collector" as defined under the FDCPA. Id. at 7-10.

Consequently, Magistrate Judge Camoni recommends that Hill's original

complaint be dismissed, and that the plaintiff be provided with leave to file an

amended complaint to address the identified deficiencies regarding his FDCPA

claim. Id. at 10.  Given Hill's pro se status, the R&R's analysis does not

specifically limit Hill's leave to amend to only the FDCPA claim. Id.  The R&R's

suggested disposition, however, comes with a caveat.  Specifically, the R&R

recommends dismissing this action with prejudice if Hill does not file an amended

complaint or the amended complaint still fails to present any viable claims. Id.

Magistrate Judge Camoni issued the R&R on October 3, 2025. Pursuant to

the Rules of Court for the Middle District of Pennsylvania, the plaintiff had

fourteen (14) days to object to the R&R.  M.D.PA. L.R. 72.3.  No objections to the

R&R have been filed and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objections are filed,

the court must determine if a review of the record evidences plain error or

manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When

---

[6] The R&R concludes that Hill's complaint asserts improper "labels and conclusions" rather
than factual allegations supporting the other causes of action under: 1) the Fair Credit
Reporting Act ("FCRA"); 2) the Racketeer Influenced and Corrupt Organizations Act ("RICO");
3) the Pennsylvania RICO Act ("PRICO"); 4) 42 U.S.C. § 1983 for violations of federal
constitutional rights by state actors; 5) the Pennsylvania Constitution; and 6) state common
law. (Doc. 39 at 5).  The court agrees.

no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court thus finds neither clear error on the face of the record nor a manifest injustice in Magistrate Judge Camoni's analysis, and therefore, the court will accept the R&R and adopt it in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 39), is **ADOPTED**;

2) The stay entered by Magistrate Judge Schwab on April 11, 2025, (Doc. 36), is **LIFTED**;

3) Defendant's motion to dismiss, (Doc. 11), is **GRANTED**;

4) Plaintiff's complaint, (Doc. 1), is **DISMISSED** without prejudice;

5) Plaintiff's motion for summary judgment, (Doc. 30), is **DENIED** as moot;

6) On or before **November 21, 2025**, plaintiff may file an amended complaint addressing the deficiencies identified in the R&R regarding his FDCPA claim and/or supplying additional facts to support his other federal and state claims; and

7) If plaintiff does not file an amended complaint in accordance with this order, the court may dismiss this action with prejudice at any point after the above

deadlines without additional notice to the plaintiff due to a failure to prosecute and/or non-compliance with an order of court.

Date: _10/21/25_

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court