IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. HILL,<br>    **Plaintiff** | No. 4:24cv1600 |
| | (Judge Munley) |
| v. | |
| | (Magistrate Judge Camoni) |
| UPMC COLLECTIONS,<br>    **Defendant** | |

## ORDER

Plaintiff Jeffrey D. Hill has filed objections to the report and recommendation ("R&R") of United States Magistrate Judge Sean A. Camoni after the R&R was already adopted by the court. (Doc. 41). The objections will be overruled on their merits. Plaintiff has also filed an amended complaint in accordance with the order adopting the R&R. (Doc. 42) This matter will be referred to a United States Magistrate Judge for pretrial management and the issuance of R&Rs.

By way of brief background, Magistrate Judge Camoni issued an R&R on October 3, 2025, recommending that a motion to dismiss filed by Defendant UPMC Collections be granted for the failure of plaintiff to state any viable claim in plaintiff's original complaint. (Doc. 39). Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.3, parties are afforded fourteen (14) days to file objections to an R&R after being served. In this case, the plaintiff's

objections were filed on October 24, 2025, twenty-one days (21) after the issuance of the R&R. In the interim, on October 21, 2025, the court had already adopted the R&R and issued an order providing plaintiff with leave to file an amended complaint. (Doc. 40).

Hill asserts that his objections are timely. Specifically, Hill indicates in his proof of service that he received a copy of the R&R on October 9, 2025 and served a copy of his objections on October 15, 2025 "by 1st class mail sent from the Muncy Post Office[.]" (Doc. 41 at ECF p. 6). Giving plaintiff the benefit of the doubt in this instance, the court will not summarily dismiss his objections. Rather, the court will review them on their merits.

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. Providing a complete *de novo* determination where only a general objection to an R&R is offered, however, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Upon review of the objections to the R&R, they can only be construed as general objections to the magistrate judge's analysis of plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"). Accordingly, the court will not provide a full *de novo* review, but touch upon the primary issues with Hill's FDCPA claims.

"To prevail on an FDCPA claim, a plaintiff must prove that (1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

Defendant UPMC Collections argued in its motion to dismiss that Hill failed to allege that the defendant was a "debt collector" for the purposes of FDCPA liability. (Doc. 12, Def. Br. in Supp. at 4–5). In simple terms, a "debt collector" subject to the FDCPA is someone, other than the original "creditor," who regularly collects unpaid debts. See 15 U.S.C. § 1692a. A "debt collector" is also "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id.

3

As discussed by the court in the prior order adopting the R&R, Hill treated with a urologist in 2020 and then underwent extensive emergency abdominal surgeries at UPMC Williamsport Hospital in 2020 and into 2021. (Doc. 1). He then received bills from: 1) UPMC Health Services for the care provided by the urologist, id. at ECF p. 19; 2) Susquehanna Physician Services for the care provided by two certified registered nurse anesthetists relative to the surgeries, id. at ECF pp. 8, 13; and 3) Susquehanna Imaging Associates, Inc. for the services of radiologists relative to the surgeries, id. at ECF pp. 29–30. Based on correspondence from the Centers for Medicare and Medicaid Services stating he owed nothing for such treatment, Hill disputed the bills and sent cease and desist letters when his providers sought payment, citing the FDCPA.

The providers then ostensibly referred the bills to debt collection agencies, who sent Hill correspondence. They similarly received cease and desist letters from the plaintiff in return. Based on Hill's allegations, it appears that Defendant UPMC Collections initially attempted to collect the disputed debt, referred the bills to the third-party debt collectors, and then continued to attempt to collect on the debt when the third parties "returned the matter[s]" to UPMC's Pittsburgh collection office. Id. at ECF pp. 1-2, ¶¶ 2-4.

Magistrate Judge Camoni's analysis of Hill's FDCPA claim was straightforward. Per the R&R, the complaint lodged allegations that plausibly

supported violations of the FDCPA, i.e., plaintiff's allegations that he received "150 harassing collection phone calls" related to the disputed medical bills. (Doc. 39 at 5-7). The R&R, however, concluded that Hill failed to plausibly allege that Defendant UPMC Collections was a "debt collector" as defined under the FDCPA. Id. at 7-10. That is, according to the allegations, plaintiff received treatment at a UPMC hospital and the defendant, UPMC Collections, was attempting to collect the disputed medical debt as the creditor. As to the existence of bills from different non-UPMC entities who may have directly employed the medical providers, the R&R indicated that UPMC Collections could have been collecting debts owed to a third-party or otherwise acting as a "debt collector" for FDCPA purposes. Id. at 8–10. However, this would require adding allegations to the complaint that were not already there. Id. The R&R concluded that Hill's FDCPA allegations needed to be clarified. Id. Magistrate Judge Camoni thus recommended that the plaintiff be granted leave to file an amended complaint. Id. at 10.

    After a renewed review of the complaint and UPMC's motion to dismiss, the magistrate judge correctly addressed Hill's FDCPA claims as alleged in the complaint. Hill's objections to the R&R will be overruled.

Despite the objections, Hill has also filed an amended complaint in compliance with the order adopting the R&R. As such, this case will move forward with the amended complaint serving as the operative pleading.

It is thus hereby **ORDERED** as follows:

1) Plaintiff's objections to the R&R, (Doc. 41), are **OVERRULED**;

2) The prior memorandum order of court adopting the R&R, (Doc. 40), remains in full force and effect;

3) Defendant shall respond to the amended complaint, (Doc. 42), in accordance with the Federal Rules of Civil Procedure; and

4) The matter is referred to a United States Magistrate Judge for pretrial management and the issuance of R&Rs.

Date: 11/5/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court