IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY HILL, | : | Civ. No. 4:24-CV-1600 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| UPMC COLLECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.   Factual and Procedural Background

This case was referred to the undersigned on January 13, 2026. Upon review we note that the plaintiff's initial *pro se* complaint was dismissed on October 21, 2025. (Doc. 40). On November 3, 2025, Hill filed a 103-page amended complaint. (Doc. 42). The Court, Camoni, M.J., then briefly stayed proceedings while it considered this amended pleading. (Doc. 44).

In the meanwhile, the plaintiff filed a motion for summary judgment at the very inception of proceedings on this amended complaint which sought judgment in Hill's favor as a matter of law claiming that the facts are completely undisputed prior to any substantive response to the amended complaint by the defendants, or any

1

factual discovery. (Doc. 46). Because we regard this summary judgment motion as entirely too premature at this nascent stage of the litigation, we recommend that this motion be denied without prejudice to renewal at the close of discovery.[1]

## II.    <u>Discussion</u>

The plaintiff has moved for summary judgment at the outset of litigation on this amended complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." <u>Univac Dental Co. v. Dentsply Int'l, Inc.</u>, 702 F.Supp.2d 465, 468 (M.D. Pa. 2010).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. <u>Conoshenti v. Pub. Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 145-46 (3d Cir. 2004). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing

---

[1] We will by separate order prescribe a case management schedule in this case.

the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Further, it is emphatically not the province of the court to weigh evidence or assess

credibility when passing upon a motion for summary judgment. Rather, in

adjudicating the motion, the court must view the evidence presented in the light most

favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable

inferences in the light most favorable to the non-moving party. Big Apple BMW,

Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

Additionally, the court is not to decide whether the evidence unquestionably favors

one side or the other, or to make credibility determinations, but instead must decide

whether a fair-minded jury could return a verdict for the plaintiff on the evidence

presented. Anderson, 477 U.S. at 252; see also Big Apple BMW, 974 F.2d at 1363.

In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not
> match, item for item, each piece of evidence proffered by the movant.
> In practical terms, if the opponent has exceeded the "mere scintilla"
> threshold and has offered a genuine issue of material fact, then the court
> cannot credit the movant's version of events against the opponent, even
> if the quantity of the movant's evidence far outweighs that of its
> opponent. It thus remains the province of the fact finder to ascertain the
> believability and weight of the evidence.

Id.

3

There is a necessary corollary to federal summary judgment practice. As the text of Rule 56 implies, a summary judgment motion is premised upon the existence of a fully developed and materially uncontested factual record. Therefore, in a case such as this, where no substantive responsive pleadings have been filed, and no discovery has been undertaken, summary judgment motions are often deemed premature and denied without prejudice to renewal at the close of discovery. See e.g., In re Pettaway, 457 F. App'x 96, 97 (3d Cir. 2012); Boyd v. Mason, No. 3:20-CV-02403, 2021 WL 11096486, at *2 (M.D. Pa. Sept. 20, 2021) ("Given the posture of this case, which is in the early pleading stages, we find the plaintiff's motion for summary judgment to be premature . . . ."); Figueroa v. Bonneville Cont. & Tech. Grp., Inc., No. CV 2014-78, 2015 WL 4978454, at *1 (D.V.I. Aug. 20, 2015); Njos v. Bureau of Prisons, No. 3:12-CV-1251, 2013 WL 6628226, at *2 (M.D. Pa. Dec. 11, 2013); Mueller v. CBS, Inc., 200 F.R.D. 242, 244 (W.D. Pa. 2001). This is a settled aspect of summary judgment practice because: "A court is 'obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" Pre-Settlement Fin., LLC v. Ellis, No. CV 18-6339-KM-CLW, 2019 WL 3543999, at *6 (D.N.J. Aug. 2, 2019) (citing Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007)).

4

So it is here. In this case the plaintiff's summary judgment motion was filed shortly after he filed an amended complaint following the dismissal of his original pleading and the plaintiff seeks a summary adjudication in his favor prior to the filing of any substantive responses to the complaint by the defendants, or the conduct of essential factual discovery. Thus, the motion is entirely premature and will be denied without prejudice to renewal at the close of discovery in this case.

Simply put, the plaintiff's summary judgment motion, while imaginative, is premature. Accordingly, we recommend that the plaintiff's motion for summary judgment, (Doc. 46), be DENIED without prejudice to renewal at the close of discovery.

## III.   Recommendation

Accordingly, IT IS RECOMMENDED that the plaintiff's motion for summary judgment, (Doc. 46), be DENIED without prejudice to renewal at the close of discovery.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

5

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of February 2026.


*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge